MUNICIPIO DE CAGUAS, demandante y apelante, *v.* WEST INDIA OIL COMPANY, demandada y apelada.

No. 5720.—*Sometido:* Mayo 24, 1932. *Resuelto:* Junio 24, 1932.

*González Fagundo & González, Jr.,* abogados del apelante; *José Carbia Miranda,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este caso envuelve la cuestión de lo que debe considerarse como la zona urbana de Caguas. Evidentemente, la prueba de si cierta parte de un municipio tiene servicio de luz eléctrica y agua no puede propiamente determinar en Puerto Rico lo que constituye la zona urbana a menos que todo el municipio haya de ser considerado como urbano, toda vez que el agua y la luz eléctrica van frecuentemente a gran parte de cualquiera comunidad en particular, incluyendo sitios campestres. Cuando el municipio de Caguas aprobó una ordenanza disponiendo que no se establecerían más estaciones de gasolina dentro de la zona urbana, sino en las afueras, necesariamente quiso dar alguna definición de las partes del municipio de Caguas que podían ser ocupadas por estaciones de gasolina. La Asamblea Municipal no estaba

creando un imposible. Las dos palabras, consideradas conjuntamente, debieron haber tenido un significado más o menos definido para la asamblea, para los habitantes de la ciudad y para su alcalde. El juez de distrito de Humacao estaba en buena posición para determinar lo que debía considerarse como la zona urbana de Caguas y como sus afueras, y así lo hizo. El también practicó una inspección ocular del sitio y llegó a la conclusión precisa de que la estación de gasolina en cuestión no fué establecida dentro de la zona urbana de Caguas. Es cierto que en su opinión él dijo que el Alcalde de Caguas originalmente había concedido permiso a la demandada para instalar su estación de gasolina en su actual ubicación. Hemos tomado la conclusión de la corte como la cuestión principal en el caso, pero la corte también tenía derecho a dar algún peso a la actitud original del alcalde. Posiblemente sea aplicable la presunción de la Ley de Evidencia de que los deberes de un cargo han sido cumplidos con regularidad. · Desde luego que esta presunción es controvertible, y el alcalde trató de controvertirla durante la vista diciendo que primeramente él estaba bajo la impresión de que el sitio estaba fuera de la ciudad, pero que había llegado a un convencimiento contrario, según entendemos, a causa del uso de luz y agua en el local, de la existencia de una escuela, y de otros edificios. Probablemente la asamblea tuvo en mente los límites de la antigua ciudad de Caguas y no la parte más moderna que ha sido construída fuera del pueblo. No creemos que la presunción de haberse cumplido los deberes oficiales fué suficientemente rebatida. El impulso original del alcalde fué probablemente el correcto, según resolvió la corte.

■ Esta ordenanza es de orden penal. La violación de la misma sometería a la West India Oil Company a multa o prisión. Cualquiera duda acerca de la ordenanza debe resolverse estrictamente a favor de la demandada.

■ El alcalde al principio concedió el permiso. Debe existir algo así como un impedimento (*estoppel*) contra el

alcalde para impedirle solicitar la ayuda de una corte de equidad.

En casos de duda, según hemos resuelto, no debe concederse un *injunction*.

■ Además, puede también dudarse si cuando una ordenanza fija una pena el municipio puede acudir a una corte de equidad, sino que más bien está limitado a la pena fijada por la ordenanza.

■ Según apunta la apelada, normalmente cualquier persona tiene derecho a disponer de su propiedad según le plazca hasta que sea debidamente restringida por la ley. Puede dudarse que el municipio haya invocado debidamente el poder de policía al amparo del cual alega haber actuado. No hay presunción del poder de policía. Debe aparecer claramente la necesidad de su ejercicio. Dudamos que surgiera en Caguas tal necesidad, y el apelante no demuestra que la hubiera. La Corte inferior se negó a expedir un *injunction*, y toda presunción favorece esta sentencia hasta que el apelante nos convenza claramente de lo contrario.

*Debe confirmarse la sentencia apelada.*